Julius G. Levy, Appellee, v. Elizabeth Levy, Appellant.
Elizabeth Levy v. Julius G. Levy, on counterclaim.

Gen. No. 42,724.

Opinion filed November 17, 1943.

EARL J. WALKER, of Chicago, for appellant.

JULIUS H. SELINGER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a divorce action by a husband with a counterclaim for separate maintenance by the wife. The latter appeals from a decree for plaintiff on his amended complaint and against her on the counterclaim.

Each party in pleading and in proof, charges the other with cruelty. The decree found that the parties were married August 2, 1923; had two children aged 14 and 10 years at the time of the trial; and that the defendant and cross-complainant had been guilty of extreme and repeated cruelty on October 28, 1937, February 10, 1942, March 9, 1942, April 15, 1942 and June 24, 1942. The court entered a decree of divorce in favor of plaintiff, dismissed the cross-complaint, gave custody of the children to the defendant and ordered payment of $60 per week to the defendant for the support and education of the children.

Defendant counter plaintiff contends principally that the acts charged, even if proved, do not amount to

extreme and repeated cruelty; that the defense of recrimination was sustained; and that she should have separate maintenance or, in the alternative, alimony.

At the trial plaintiff did not contradict defendant's testimony that, shortly before the separation in an altercation between them, he told her that she was too old for him; that he wanted a young wife and suggested the he would go to a hotel with a woman, or, in the alternative, she should go to a hotel with a man so that there would be reason for a divorce. We believe that these uncontradicted statements of plaintiff indicated a desire for a divorce and an inclination to resort to extreme means, including collusion, to obtain one.

The acts found to have been committed were that defendant struck plaintiff on the head with a book; bit and scratched him about the face on two occasions; threw a folding chair at him, striking him in the foot and inflicting an open wound by striking him on the leg with a stick; throwing a statuette at him; and kicking him. There is no question raised as to manifest weight. The question is, assuming the acts to be properly proved, do they as a matter of law constitute a sufficient case for divorce on the grounds of extreme and repeated cruelty?

Many cases have been called to our attention upon the meaning of extreme cruelty as used in the Divorce Act, where a husband is the plaintiff. We believe that the case of *Teal v. Teal,* 324 Ill. 207, is the most reliable to which we have been referred. Under its holding, slight acts of violence by the wife against the husband do not constitute cruelty, where the husband can protect himself by reasonable physical force. The record indicates that on more than one occasion defendant in the presence of plaintiff's patients at his medical office, insulted and struck him, and under the *Teal case,* these facts may be considered in determining the quality of the alleged cruel acts. The record shows that there were financial disagreements with proof of

unwarranted and unsuccessful speculation on the wife's part. The parties were married 19 years, had two children, the condition of one of whom caused great anxiety; the wife had a serious operation during recent years for a kidney ailment which at time of trial still caused pain; and most of her alleged misconduct was committed in the few months preceding their separation.

Under all of the circumstances of this case, we must find that the acts found in the decree do not come within the rule of extreme and repeated cruelty as defined in the *Teal* case and are not sufficient to support a decree for divorce in favor of the husband.

The decree is reversed and the cause is remanded with directions to dismiss the complaint and to reconsider the counterclaim for separate maintenance, giving due attention to the views expressed herein.

*Decree reversed and cause remanded with directions.*

BURKE, J., concurs.

HEBEL, P. J., took no part.